IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICKI PIONTEK, *individually and on behalf of all others similarly situated*

    Plaintiff

v.

**FREDERICK COUNTY BANK**

    Defendant

Civil No. PJM 10-1912

## FINAL ORDER OF JUDGMENT

The Court has considered the parties' Class Action Settlement Agreement and Release [Ex. 1 to Paper No. 19] (the "Settlement Agreement"); the exhibits thereto; Plaintiff's Notification of Court-Ordered Modifications to Proposed Settlement Agreement [Paper No. 31]; Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Paper No. 34]; Plaintiff's Unopposed Motion for Attorneys' Fees, Expenses, and Plaintiff's Incentive Award [Paper No. 35]; and all other pertinent papers filed in this action. The Court has also heard oral argument on the Unopposed Motion for Final Approval and the Unopposed Motion for Attorneys' Fees, and has conducted a fairness hearing, held on August 30, 2011, in which class members were given an opportunity to object to the Settlement Agreement. Having considered the various pertinent documents and the arguments of the parties, the Court now concludes as follows:

1. Class representative Vicki Piontek and Defendant Frederick County Bank ("the Bank") have, through counsel of record, reached an agreement to settle all claims in this action;

2. The Court concludes that the class, as defined in the Settlement Agreement, meets the requirements for certification under Federal Rule of Civil Procedure 23. Specifically, the Court concludes:

   a. That the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1);

   b. That there are questions of law and fact common to the class. Fed. R. Civ. P. 23(a)(2);

   c. That the claims made by Piontek are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3);

   d. That Piontek has fairly and adequately protected the interests of the class. Fed. R. Civ. P. 23(a)(4);

   e. That the questions of law and fact common to class members predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3); and

   f. That a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3);

3. The Settlement Agreement, as modified in Plaintiff's Notification of Court-Ordered Modifications to Proposed Settlement Agreement, is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2);

4. The parties have provided notice to the class of the terms of the Settlement Agreement and of each class member's right to:

   a. Opt out of the class;

    b. Obtain representation by counsel of one's choosing; and/or

    c. Object to the Settlement Agreement and/or to becoming a claimant under the Settlement Agreement. Fed. R. Civ. P. 23(e)(5);

5. The notice provided by the parties was the best notice practicable under the circumstances and met the requirements imposed by Federal Rule of Civil Procedure 23(c)(2)(B); and

6. No objections to the Settlement Agreement have been raised, whether in writing, orally at the fairness hearing, or otherwise.

Having reached these conclusions, it is, this 31st day of August, 2011

**ORDERED**

1. Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [Paper No. 34] is **GRANTED**;

2. Pursuant to Federal Rule of Civil Procedure 23(e), the Settlement Agreement is **APPROVED**;

3. The class, as defined in the Settlement Agreement, is **CERTIFIED** solely for purposes of effectuating the Settlement Agreement;

4. The Court's approval of the Settlement Agreement is **FINAL**, and the class representative and class members are **DEEMED** to have forever fully released, relinquished, and discharged *all* released claims, as such claims are defined in the Settlement Agreement;

5. Plaintiff's Unopposed Motion for Attorneys' Fees, Expenses, and Plaintiff's Incentive Award [Paper No. 35] is **GRANTED**;

6. Pursuant to the terms of the Settlement Agreement:

   a. The class is **AWARDED** a settlement fund in the amount of $13,687.50, plus interest. Each class member who submitted a timely and valid claim shall receive a *pro rata* share of the fund, up to a maximum payment of $100 per participating class member. Any unclaimed amount of the fund shall be donated, on a *cy pres* basis, in equal amounts to the Interfaith Housing Alliance, Inc. and Hospice of Frederick County;

   b. Class counsel are **AWARDED** $20,500 in attorneys' fees;

   c. Piontek is **AWARDED** a $1,500 incentive payment in consideration of her efforts as class representative; and

   d. Except as otherwise provided in this Order, each party shall bear her or its own costs and attorneys' fees;

7. As stated on the record during the August 30, 2011 fairness hearing, the Bank and class counsel shall take whatever actions may be necessary to repost notice to the class, both on the ATMs at issue and on the web site hosted by class counsel, and ensure that such notice will remain posted until the close of the claims submission period on September 24, 2011. Class counsel shall, by close of business on September 9, 2011, file papers advising the Court that such actions have been taken;

8. By close of business on October 25, 2011, class counsel shall provide the Court with a detailed final accounting, which shall include: (a) the final

number of claimants; (b) the total amount paid to claimants; (c) the reasons why any claims were rejected; (d) the total amounts paid, on a *cy pres* basis, to the Interfaith Housing Alliance, Inc. and Hospice of Frederick County; (e) receipts from the Interfaith Housing Alliance, Inc. and Hospice of Frederick County acknowledging the delivery of funds to them; (f) the total amount paid to class counsel by the Bank; and (g) the total amount paid to Piontek by the Bank;

9. With respect to the meaning of any terms not expressly defined in this Order, the Court incorporates by reference the definitions established in the Settlement Agreement; and

10. The Clerk of the Court is directed to **ADMINISTRATIVELY CLOSE** this case pending class counsel's preparation and submission of the final accounting described above.

_____
/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE